UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDAN TRAHAN** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 11-521** |
| | * | |
| **DRURY HOTELS COMPANY, LLC** | * | **SECTION "L"(2)** |

### ORDER & REASONS

Before the Court is Plaintiff Brandan Trahan's Motion to Remand and for Costs Including Attorneys' Fees. (R. Doc. 4). The Court has received and reviewed the briefs submitted by the parties, as well as the applicable facts and law, and is now ready to rule. For the following reasons, this Motion is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

This case arises from alleged personal injuries sustained as a result of a slip-and-fall. On or about June 29, 2010, Plaintiff was a guest of the Drury Inn and Suites located at 820 Poydras Street, New Orleans, Louisiana 70112. During his stay, Plaintiff alleges he slipped on the wet, slippery surface of the exterior vestibule area of the hotel's Poydras Street door while walking towards the steps leading to the sidewalk. Plaintiff claims he sustained personal injuries from this fall. According to Plaintiff, it had been raining shortly prior to his accident, causing rainwater to gather on the floor of the exterior vestibule and which was present at the time of the accident.

On January 21, 2011, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, naming as defendants Drury Hotels Company, LLC and DDC Hotels, Inc.

1

(collectively "Drury"). *See* (R. Doc. 1-3). Therein, Plaintiff alleges his injuries were caused by the unreasonably dangerous condition of the floor and the negligence and fault of Drury. Plaintiff seeks general and specific damages for his injuries, as well as expert witness fees and all costs of court.

On March 4, 2011, Drury filed a Notice of Removal in this Court, alleging federal jurisdiction pursuant to diversity of citizenship and amount in controversy, 28 U.S.C. § 1332. *See* (R. Doc. 1). According to Drury, diversity of citizenship is satisfied because Plaintiff is a citizen of Louisiana, while it is a citizen of both Nevada and Missouri. Additionally, Drury alleges the $75,000 amount in controversy requirement is satisfied on the basis that Plaintiff "asserts in his petition that he sustained 'bodily injuries.'"

On March 21, 2011, Drury filed a Answer and Affirmative Defenses. (R. Doc. 3).

## II.   THE MOTIONS

### A.   Plaintiff

Plaintiff filed the present Motion alleging the record at the time of removal does not demonstrate federal jurisdiction exists, particularly the amount in controversy is insufficient. (R. Docs. 4, 11). Additionally, Plaintiff seeks to recoup costs, including attorneys' fees, incurred in litigating the present Motion.

### B.   Drury

Drury opposes Plaintiff's Motion, contending removal of the case was appropriate because the following demonstrate the amount in controversy is satisfied: Plaintiff's claims for damages, his omission of a general allegation as to whether the jurisdictional amount is satisfied, his refusal to stipulate to the jurisdictional amount, his evasive discovery response regarding the

amount in controversy, and his settlement demand. (R. Docs. 5, 14). Drury also opposes the imposition of costs or fees, alleging the case was properly removed, and alternatively, if the Court remands the case, there are no extenuating circumstances warranting such penalties.

### III.   LAW & ANALYSIS

#### A.   Removal, Remand & Amount in Controversy

A case filed in state court is removable to federal court pursuant to 28 U.S.C. § 1441 when the case is one over which the federal court has "original jurisdiction." One such type of "original jurisdiction" exists over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States." 28 U.S.C. § 1332(a)(1). As mentioned, this is the alleged basis for removal in the present matter. The removing defendant bears the burden of demonstrating that federal jurisdiction exists, permitting removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." To determine whether jurisdiction is present for removal purposes, a court is to "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. Date)).

The removal defect at issue in the present Motion is lack of jurisdiction due to insufficient amount in controversy under 28 U.S.C. § 1332(a)(1). The Fifth Circuit requires the removing defendant prove by a preponderance of the evidence that the amount in controversy

exceeds $75,000.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  This burden allows the plaintiff to remain the master of his or her own claim, while at the same time protects defendants from "plaintiffs who seek to manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand." *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).  If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.  *De Aguilar*, 47 F.3d at 1412.

In cases removed from Louisiana courts, the amount in controversy requirement is complicated by the fact that Louisiana law prohibits plaintiffs from specifying the numerical value of the damages claim.  *See* La. Code Civ. Proc. art. 893.  In such cases, the Fifth Circuit has created an analytical framework for resolving disputes concerning the amount in controversy.  The Circuit requires either that a defendant demonstrate it is "facially apparent" the plaintiff's claims exceed the jurisdictional amount or set forth the facts in dispute which support a finding the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  These two tests are applied in order, and only if the "facially apparent" test fails may the court consider the second test's summary judgment type evidence relevant to the amount in controversy as of the time of removal.  *Id*. at 1336, 1336 n.3.  "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000).

    B.    **Facially Apparent Amount in Controversy Allegations**

Plaintiff's Petition alleges he "slipped on the wet surface of the polished stone floor causing him to fall down the steps to the sidewalk, causing bodily injuries." (R. Doc. 1-3). Plaintiff seeks the following damages:

> All forms of general damages as recognized by the laws of the State of Louisiana applicable under these circumstances;
>
> All special damages including, but not limited to, loss of wages and earning capacity, medical expenses, recognized by the laws of the State of Louisiana and applicable under these circumstances. *Id*.

These are the only allegations "facially apparent" at the time of removal.

In determining whether "facially apparent" amount in controversy allegations satisfy the jurisdictional and removal requisites, the Fifth Circuit makes a case-by-case determination. For example, in *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999), the Fifth Circuit affirmed the district court's determination that it was facially apparent the claims exceeded $75,000 where the plaintiff suffered heart failure caused by the airline defendant in losing her luggage containing her heart medication, and the allegations included claims for "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [] temporary inability to do housework." The Circuit distinguished *Luckett* in *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848, 85-51 (5th Cir. 1999), where the "complaint alleged, with little specificity, damages from less severe physical injuries-an injured shoulder, bruises, and abrasions-and unidentified medical expenses...plus loss of consortium." The Circuit noted that in *Simon*, the complaint was absent of "any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged would have supported a substantially larger monetary basis for federal jurisdiction." *Id*. at 851. The Circuit relied upon

5

its previous decisions in *Luckett* and *Simon* in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), to affirm the district court's denial of a motion to remand where the petition alleged plaintiff "sustained injuries to her right wrist, left knee and patella, and upper and lower back" and sought "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." The Circuit reasoned that "[s]uch allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*." *Id*.

When compared with the above-cited cases, the present Petition lacks the more extensive and specific allegations of injury and damage found in *Luckett* and *Gebbia* which supported the Fifth Circuit's findings therein that the jurisdictional amount in controversy was satisfied. Instead, the Petition contains generalized allegations of a slip-and-fall incident, with no indication of the type of injuries resulting therefrom, and seeks recovery within the "special" and "general" categories of damages. These allegations are more analogous to those in *Simon* where the jurisdictional amount in controversy was unsatisfied. *See e.g. Saxon v. Thomas*, 2007 WL 1974914, at *2 (W.D. La. June 29, 2007); *Moore v. J.C. Penney Co., Inc.*, 2000 WL 385516 (E.D. La. Apr. 13, 2000).

There are other indications from the face of the Petition that the amount in controversy has not been satisfied. For example, Plaintiff does not request a jury trial, which under Louisiana law requires a claim for damages less than $50,000, *see* La. Code Civ. Proc. art. 1732(1), well below the federal jurisdictional amount. *See Corkern v. Outback Steakhouse of Fla., Inc.*, 2006 WL 285994, at *4 (E.D. La. Feb. 6, 2006)("[A] plaintiff's failure to request a

trial by jury *might* be indicative of the amount of damages the plaintiff seeks."); *Lopez v. Ford Motor Co., Inc*., 1998 WL 113934, at *1 (E.D. La. Mar. 11, 1998)(finding petition facially indicates amount in controversy at least $50,000 where plaintiff requested a trial by jury).

      However, Plaintiff failed to include an allegation in the Petition as to the amount in controversy pursuant to Louisiana Code of Civil Procedure article 893.  *See* (R. Doc. 103). Article 893 provides that "if a specific amount of damages is necessary to establish the jurisdiction of the court,...[or] the lack of jurisdiction of federal courts due to insufficiency of damages...a general allegation that the claim exceeds or is less than the requisite amount is required."  La. Code Civ. Proc. art. 893(A)(1).  The Fifth Circuit has not directly addressed whether the failure to include an Article 893 allegation in a petition is a factor to be considered for purposes of or is dispositive of the amount in controversy, but has held that an amount in controversy allegation under Article 893 can be defeated by a showing by the defendant that the jurisdictional amount is satisfied.  *See In re 1994 Exxon Chem. Fire*., 558 F.3d 378, 388 (5th Cir. 2009).  Notably, all three district courts within Louisiana have addressed the issue, and for the most part consistently recognize "that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy," but that this omission is entitled to some consideration in the jurisdictional amount inquiry.  *See Ford v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009).  Here, given that the damage-related allegations in the Petition provide little in terms of quantifiable damages and are absent of a jury request, the fact that they are also absent of an Article 893 statement does not establish that the jurisdictional amount in controversy has been satisfied.

      Drury also claims that because at the time of removal there was no indication that

7

Plaintiff's medical treatment was complete, the jurisdictional amount is satisfied. However, even deposition testimony indicating that future treatment may be required is insufficient to satisfy a defendant's burden of proof for removal. *See Palmer v. Wal-Mart Stores, Inc.*, 2009 WL 2136513, at *3 (M.D. La. June 16, 2009). Drury's mere speculation of future treatment is insufficient to demonstrate amount-in-controversy.

Based upon the foregoing, the Court finds that Drury has not met its burden to demonstrate that the amount in controversy is facially apparent. Nonetheless, the Court's inquiry does not end here.

### C. Facts in Dispute Regarding Amount in Controversy

If the removing defendant is unable to demonstrate the amount in controversy is facially apparent, it may be able to prove amount-in-controversy is satisfied "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Luckett*, 171 F.3d at 298. This is summary judgment-type evidence relevant to the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336. However, Drury "filed no affidavits with its notice of removal nor set facts in controversy in that notice. It merely alleges in a conclusory matter that the amount in controversy exceeded the requisite jurisdictional amount." *Davis v. Grider*, 214 F.3d 1350 (5th Cir. 2000); *see Johnson v. Stage Stores, Inc.*, 2001 WL 1098057, at *4 (E.D. La. Sept. 18, 2001); *Pruden v. Chevron Stations, Inc.*, 2001 WL 913836, at *3 (E.D. La. Aug. 14, 2001); *Ross v. Rite Aid Corp.*, 2001 WL 775580, at *3 (E.D. La. July 6, 2001). Thus, there were no facts in dispute at the time of removal to support federal subject matter jurisdiction.

### D. Post-Removal Occurrences

Drury urges the Court to deny remand largely on the basis of a series of post-removal occurrences, namely: (1) the refusal by Plaintiff to stipulate his claims do not satisfy the jurisdictional amount on March 23, 2011, (2) the March 24, 2011 response to request for admission by Plaintiff in which he states that at the time of removal his claim did not exceed $75,000, but that it may exceed this amount in the future, and (3) Plaintiff's $74,000 settlement offer on April 12, 2011.  At the same time Drury acknowledges that "[t]he propriety of the removal of a claim depends upon the jurisdictional facts at the time of removal."  (R. Doc. 5). Indeed, the Fifth Circuit requires "[t]he jurisdictional facts that support removal [] be judged at the time of the removal."  *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000). This would seem to indicate that any post-removal facts could not be considered for determining amount-in-controversy had the Circuit not also concluded, "while post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Id*. (internal citations omitted).  This conclusion is not directly applicable to the present case because the post-removal facts here are not contained in affidavits, but it still indicates the Circuit's interest in considering certain post-removal facts where jurisdiction is ambiguous at the time of removal.

Assuming without concluding subject matter jurisdiction is ambiguous and the Court may consider the post-removal facts suggested by Drury, Drury still fails to carry its burden of establishing a sufficient amount in controversy.  First, the Plaintiff's post-removal settlement demand, though suspicious, was for $74,000, under the jurisdictional amount.  Second, the Plaintiff's refusal to stipulate to the amount of damages is not dispositive of the amount in

9

controversy. An affirmative post-removal stipulation can be used to clarify an ambiguous amount in the petition, but the refusal to stipulate is only one factor to consider in determining whether a removing party has met its burden, *Norris v. Allstate Ins. Co.*, 2007 WL 3377259, at *1 (E.D. La. Nov. 13, 2007); *McBride v. Wal-Mart Stores, Inc.*, 1999 WL 76427, at *2 (E.D. La. Feb. 5, 1999), the weight of which is questionable when it comes after removal. *See Nelson,* 2005 WL 517504, at *2. Third, while some courts consider post-removal discovery responses in calculating the amount in controversy, not all do, *see Kitts v. Citgo Petroleum Corp.*, 2009 WL 192550, at *5 (W.D. La. Jan, 23, 2009), *compare Cook v. Wabash Nat. Trailer Ctrs., Inc.*, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003), and even if this Court were to here, because Plaintiff admits that at the time of removal his claims did not exceed $75,000, such evidence lends in favor of remand.

    **E. Improper "Procedural Gamesmanship"**

Drury contends that Plaintiff has improperly engaged in "procedural gamesmanship" in opposing federal jurisdiction while at the same time seeking to preserve his right to recover more than $75,000. Drury cites in support *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995), for the Fifth Circuit's concern with jurisdictional manipulation by Plaintiffs who under state law are prohibited from specifying a specific amount of damages, but who may recover more than the amount in controversy in state court. The Court recognizes this is a valid concern, but finds that Drury ignores the Circuit's response to this concern and which the Court has implemented here-that is, "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the

state court complaint." *Id*. at 1411.  This according to the Circuit, "is necessary to avoid the sort of manipulation" Drury complains of here. *Id*. at 1411.  Thus, because the Court has applied the appropriate burdens here, and finds that Drury has failed to satisfy its burden of demonstrating the amount in controversy exceeds the jurisdictional amount, Plaintiff is not required to prevail in the legal certainty test.  Accordingly, Plaintiff has not engaged in "procedural gamesmanship" sufficient on its own to prevent remand.

### F. Attorneys' Fees & Costs

Plaintiff seeks to recover the attorneys' fees and costs associated with the present Motion. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the statute provides no guidance on when and how such costs and fees should be imposed; fortunately the jurisprudence does.  The Supreme Court holds that "absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. at 141.  Considering the above facts and analysis, while the Court finds that it lacks jurisdiction over the present matter, it does not find that removal of the case lacked "an objectively reasonable basis," and thus fees and costs are not due.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand and for Costs Including Attorneys' Fees (R. Doc. 4) is GRANTED IN PART insofar as the present

matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, and DENIED IN PART insofar as the request for costs and fees.

New Orleans, Louisiana this 16th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE